# EXHIBIT 1

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| WALTER BILBRO, | ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** | ) | |
| | ) | 2017-CP-10- 1210 |
| vs. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) | |
| **Defendant(s)** | ) | |

| | |
|---|---|
| Submitted By: Donald H. Howe, Esquire | SC Bar #:  002690 |
| Address: Law Offices of Donald H. Howe, LLC | Telephone #:  843-225-2523 |
| P. O. Box 31324 | Fax #:  843-225-2698 |
| Charleston, SC 29417 | Other: |
| | E-mail:  donaldhowelaw@gmail.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

FILED  2017 MAR -8  PM 4:36  JULIE J ARMSTRONG  CLERK OF COURT  BY

X   **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐   This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐   This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐   This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| X Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature:  *Donald H. Howe*   Date: March 6, 2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (03/2016)                                                                                                               Page 1 of 2

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMONS PLEAS
                        )  FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON    )  CASE NO.: 2017-CP-10- 1216

WALTER BILBRO,          )
                        )
        Plaintiff,      )
                        )
    -versus-            )  **SUMMONS**
                        )  (JURY – BREACH OF CONTRACT)
MASSACHUSETTS MUTUAL    )
LIFE INSURANCE COMPANY, )
                        )
        Defendant.      )
_____)

*FILED 2017 MAR -8 PM 4:36 JULIE J. ARMSTRONG CLERK OF COURT*

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his offices at 818 Wappoo Road, Charleston, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

> LAW OFFICES OF DONALD H. HOWE, LLC
> Post Office Box 31324
> Charleston, SC 29417
> 843-225-2523
>
> BY: _____
>         Donald H. Howe
>         Attorney for Plaintiff

Dated: March 6, 2017

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMONS PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO.: 2017-CP-10- 1210 |
| ) | |
| WALTER BILBRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **COMPLAINT** |
| ) | |
| MASSACHUSETTS MUTUAL ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

FILED
2017 MAR -8 PM 4:36
BY: JULIE J. ARMSTRONG
CLERK OF COURT

The Plaintiff, above named, complaining of the Defendant alleges and says unto this Honorable Court as follows:

1. That Plaintiff is a resident and citizen of the County of Charleston, State of South Carolina.

2. That Defendant, Massachusetts Mutual Life Insurance Company, is a duly organized insurance company doing business in, among other places, the County of Charleston, State of South Carolina.

### FOR A FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

3. In October of 2003, Plaintiff applied to purchase a policy of Long Term Care Insurance from the Defendant.

4. In November of 2003, the Defendant accepted Plaintiff's application and issued Long Term Care Insurance policy#14-14621415 to Plaintiff.

5. Plaintiff has paid the necessary premiums for the coverage of Long Term Care

1

Insurance policy#14-14621415.

6. Defendant was making benefit payments to the Plaintiff pursuant to Long Term Care policy#14-14621415 but discontinued payments pursuant to a letter dated November 9, 2016 (Exhibit A).

7. Plaintiff appealed Defendant's discontinuance of benefits in a letter dated December 7, 2016 (Exhibit B) and Defendant acknowledged receipt of the appeal as of December 9, 2016 (Exhibit C).

8. According to the terms of the policy, the Defendant will respond to the appeal within 30 days as set out in the terms of the policy.

9. Defendant has not responded to Plaintiff's appeal within the 30 days as set out in the terms of the policy.

10. The applicable policy provides that Plaintiff's inability to independently perform two (2) Activities of Daily Living is a basis for payment of benefits if certified by a Licensed Health Care Practitioner.

11. In Plaintiff's appeal, Plaintiff provided certification by his primary treating physician that Plaintiff is not able to bathe himself without assistance and is incontinent.

12. That Defendant's failure to pay benefits despite being provided the information described above constitutes a breach of contract.

13. That in addition to the Long Term Care Insurance policy described above, Plaintiff also purchased a Home and Community Based Services Waiver of Premium Benefit Rider.

14. That as a result of Defendant's breach of contract, Plaintiff has failed to receive benefits due under his contract of insurance and has been required to pay premiums that should

have been waived pursuant to the waiver of premium rider.

## FOR A SECOND CAUSE OF ACTION

## (BAD FAITH)

15. Plaintiff reiterates all allegations set out above as if set out below verbatim.

16. That in connection with the contract of insurance issued by Defendant, the Plaintiff was entitled to good faith and fair dealing.

17. That Defendant has failed to administer the contract in good faith and has not dealt fairly with the Plaintiff.

18. That the Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars:

   1) in unreasonably delaying payment of Plaintiff's claim;

   2) in failing to answer the appeal filed by Plaintiff within the 30 days provided in the policy;

   3) in failing in good faith to effect a fair, prompt and equitable review of the claim for benefits;

   4) in compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the policy.

19. That by reason of the bad faith and unfair dealings by the Defendant, Plaintiff has had to pay money he should not have had to pay to maintain his coverage, he has amassed bills and suffered economic pressure and uncertainty causing great emotional distress and requiring him to incur attorney's fees he would not otherwise have incurred.

WHEREFORE, Plaintiff prays for judgement in an amount to be determined by a jury for

actual damages on the first cause of action (breach of contract) and in an amount of actual and punitive damages as well as attorney's fees on the second cause of action (bad faith) together with the costs of this action.

          LAW OFFICES OF DONALD H. HOWE, LLC
          Post Office Box 31324
          Charleston, SC 29417
          843-225-2523

BY: *Donald H. Howe* (signature)
      Donald H. Howe
      Attorney for Plaintiff

Dated: March 6, 2017

# LAW OFFICES OF DONALD H. HOWE, LLC
*Attorneys at Law*

March 6, 2017

Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street
Charleston, SC 29401

    Re:    Walter Bilbro v. Massachusetts Mutual Life Insurance Company

Dear Julie:

    Please find enclosed the original and two (2) copies each of the Civil Cover Sheet, Summons and Complaint in the above captioned matter. Also enclosed is my firm's check in the amount of $150.00 for the filing fee. Please file the original and return the filed copies to me in the enclosed return envelope.

    I appreciate your attention in this matter.

    With kindest regards, I am

                           Sincerely,

                           Donald H. Howe

DHH/gbh
Enclosures

818 WAPPOO ROAD, CHARLESTON, S.C. 29407    P.O. BOX 31324, CHARLESTON, S.C. 29417
(843) 225-2523    FAX (843) 225-2698    DONALDHOWELAW@GMAIL.COM